DE VAN & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8630.   Promulgated May 26, 1927.

*E. J. Goodrich, Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the respondent.

TRAMMELL: This proceeding is for the redetermination of a deficiency of $454.04 in income and profits taxes for the calendar year 1920. In its amended petition petitioner assigns as errors: (1) The

failure of respondent to deduct from its income for 1920 the sum of $3,267.64, which amount was alleged to be individual income of its president earned during 1919, included by mistake in the income of petitioner for that year and which was refunded to its president in 1920 as additional salary for 1919, and (2) the erroneous inclusion by the petitioner in its income for the year 1920 of the amount of $5,896.09, being commissions on sales of life insurance policies earned by its president and belonging to him personally, but erroneously included in petitioner's income for 1920. These issues were raised by petitioner for the first time in this proceeding.

### FINDINGS OF FACT.

Petitioner is a West Virginia corporation with its principal office at Charleston, and is engaged in the general insurance business, other than life insurance.

In 1915 R. P. De Van, president of petitioner, personally entered into a contract with the Equitable Life Insurance Co. to represent it as its agent.

During the year 1919, De Van earned total commissions of $3,267.64 on life insurance policies sold for the Equitable Company and the amount of these commissions was erroneously included by the petitioner in its income for 1919. In 1920 the amount was repaid to De Van by petitioner in the form of additional salary for 1919, and as such deducted from income in its 1920 return. Respondent disallowed the deduction for 1920 as additional salary and, by appropriate adjustment, excluded the amount from petitioner's income for 1919 as not properly being a part of its income.

During the year 1920 De Van earned total commissions of $5,896.09 under his contract with the Equitable Company, which amount was erroneously included by petitioner in the income reported in its tax return for that year.

*Judgment will be entered for the petitioner on 15 days' notice, under Rule 50.*